Filed
11 June 8 P3:15
Gary Fitzsimmons
District Clerk
Dallas District

1 CIT CERT MAIL

CAUSE NO. DC-11-07143

| | | |
|---|---|---|
| ROKY OPERATING, LLC AND TEXAS ALLIED PETROLEUM, INC. | § § § | IN THE DISTRICT COURT OF |
| | § | DALLAS COUNTY, TEXAS |
| VS. | § § | |
| DAVID FREEMAN | § | L-193RD JUDICIAL DISTRICT |

## PLAINTIFFS' ORIGINAL PETITION AND REQUEST FOR DISCLOSURE

COME NOW, Roky Operating, LLC and Texas Allied Petroleum, Inc., Plaintiffs in the above-styled and numbered cause of action, complaining of Defendant, David Freeman, and in support thereof would show unto this Honorable Court the following:

### I.  DISCOVERY CONTROL PLAN

1.1     Pursuant to Texas Rule of Civil Procedure 190.3 the discovery of this case is to be conducted under Level 2 Discovery Control Plan.

### II.  PARTIES

2.1     Plaintiff, Roky Operating, LLC ("Roky") is a Texas limited liability company with its principal office located in Dallas, Texas.

2.2     Plaintiff, Texas Allied Petroleum, Inc. ("TAP") is a Texas corporation with its principal office located in Austin, Texas.

2.3     Defendant, David Freeman ("Defendant") is a resident of Covington, Plaquemines Parish, Louisiana, and conducts business in Covington, Louisiana.  Pursuant to TRCP 108, Defendant may be served with process by delivering by registered or certified mail, return receipt requested, a true copy of the citation and petition to his address located at 139 N. Theard Street, Covington, Louisiana 70433.

### III.  JURISDICTION and VENUE

3.1     This Court has jurisdiction in this cause since the damages and relief sought by

{00086607.DOCX }


Blumberg No. 5116
EXHIBIT
A

Plaintiff are within the jurisdiction of this Court.   Further, pursuant to TEX. CIV. PRAC. & REM. CODE §17.042, this Court has personal jurisdiction over Defendant, as Defendant has committed the tortious acts detailed below in whole or in part in this state.

     3.2    Venue is proper in Dallas County pursuant to TEX. CIV. PRAC. & REM. CODE §15.002(a)(1) as all or a substantial part of Defendant's actions giving rise to this suit occurred in Dallas County; and alternatively, TEX. CIV. PRAC. & REM. CODE §15.002(a)(4).

### IV.   FACTS

**A.   The Subject Contracts**

     4.1    By virtue of separate, but virtually identical, Participation Agreements ("PAs"), Plaintiffs contracted with Poydras Energy Partners, LLC ("Poydras") to obtain working interests in sixteen oil and gas wells and one saltwater disposal well located in Louisiana associated with what the parties call the "Main Pass 35 Platform."   Poydras was the Operator of the subject wells and Main Pass 35 Platform.   Of the sixteen wells, only eight were producing when Hurricane Katrina hit Louisiana and damaged the Main Pass Platform.   Pursuant to the PAs, Plaintiffs and Poydras intended to commence repairs to the Main Pass 35 Platform and well recompletion operations to get the eight wells back online and producing for the benefit of the joint account, with the goal to reenter and recomplete the other eight wells at a later date.

     4.2    Under Roky's PA effective January 17, 2008, Roky acquired forty percent (40%) of the working interest in the subject wells and the Main Pass 35 Platform in exchange for the payment of $2,500,000.00.

     4.3    TAP acquired its interest through another company, Hayhurst Investments, Ltd. ("Hayhurst"), who executed its Participation Agreement with Poydras effective January 24, 2008.   Through a subsequent Assignment of Interests, TAP acquired Hayhurst's working interest in the wells and assumed its obligations under its PA.   TAP currently owns ten percent

{00086607.DOCX }

(10%) of the working interest in the subject wells and the Main Pass 35 Platform.

4.4     In conjunction with the PAs, the Plaintiffs and Poydras entered into a Joint Operating Agreement ("JOA") for the subject wells.   The PAs and JOA together govern the Plaintiffs' contractual relationship with Poydras with respect to the subject wells and Main Pass 35 Platform.

**B.     Defendant's Interference with the PAs and JOAs**

4.5     Defendant has repeatedly interfered with Plaintiffs' contractual rights under the PAs and JOA through his unlawful claim to ownership of Poydras.   Specifically, third parties, Shannon Terry ("Terry") and DDD Energy, LLC ("DDD") are the majority owners and managing members of Poydras.   Freeman owns a minority interest in Poydras, but has nevertheless, usurped control of Poydras from Terry and DDD effectively locking them out from operating the subject wells and Main Pass 35 Platform.   In doing so, Defendant has caused Poydras to breach its obligations under the PAs and JOA causing damage to Plaintiffs' interests.

4.6     For instance, Defendant has caused significant delay in the completion of repairs to the subject wells and Main Pass 35 Platform, such that only five of the initial eight wells have been repaired, and of those five, only three wells are producing.   All eight wells are capable of producing substantial amounts of oil and gas.   The oil can be produced and transported to market via barge.   However, the gas cannot be transported to market without a pipeline connection.   Despite availability of existing pipelines in the area, Defendant has refused to connect the repaired five wells to a pipeline.   Instead, Defendant is apparently venting the gas produced from the three wells to the atmosphere.   Thus, not only are Plaintiffs losing the economic benefit of this vented gas, they are losing the benefit of production of oil and gas from the other five wells - two of which are currently shut in for lack of a pipeline connection, and three of which have not been repaired.   Plaintiffs also understand that Defendant's venting of

{00086607.DOCX }

gas may be in violation of applicable rules and regulations applicable to operation of the subject wells and the Main Pass 35 Platform.

4.7    In addition, the JOA requires Poydras to keep Plaintiffs informed and provide them access to all books and records of the joint account.   Defendant, however, has repeatedly failed and refused to provide Plaintiffs with information regarding joint finances and operations. Although 18,000 barrels of oil has reportedly been produced from the three wells mentioned above through the end of 2010, Defendant has not provided any production reports or joint revenue reports to Plaintiffs relating to such production.

4.8    Further, as a result of Defendant's actions, in early January 2011, a joint interest audit of Poydras' records was performed by an independent accounting firm, Muslow & Muslow of Shreveport, Louisiana, pursuant to the COPAS Accounting Procedures contained in the JOA. The accountants discovered that Poydras' accounting records were in disarray, and they determined that $309,697.00 in charges to the joint interest account were improper.   Such impropriety was a direct result of Defendant's unlawful usurpation of Poydras, and Defendant has continued to ignore these findings and refused to address these issues in violation of the JOA.

4.9    In addition, the JOA requires Poydras to keep the Contract Area free and clear of liens and encumbrances.   As a result of Defendant's actions, a number of mineral contractor's and/or subcontractor's liens have been filed which burden the Contract Area and Plaintiffs' working interests, including a lien in the amount of $305,506.44 owed to Settoon Construction, Inc. (the "Settoon lien").   In April 2011, Defendant sent a letter to Plaintiffs (purportedly on behalf of Poydras) demanding payment of their proportionate share of the Settoon lien. However, under the PAs, Plaintiffs' respective share of the lien was covered by Plaintiffs' respective cash payments made to acquire their working interests.   In other words, Defendant

{00086607.DOCX }

was improperly demanding double payment from Plaintiffs.   On May 25, 2011, Defendant sent another letter to Plaintiffs (again, purportedly on behalf of Poydras) demanding payment of the Settoon lien, and threatening to declare Plaintiffs in default under the PAs for failure to pay, such that Plaintiffs would forfeit their interest in the subject wells and Main Pass 35 Platform.

4.10   As a result of Defendant's interference with their contractual relationship with Poydras, a majority of the non-operating interest owners in the subject wells, including Plaintiffs, had no choice but to vote to remove Poydras as Operator and to appoint another interest owner, Triumph Energy I, LLC, as successor operator.   Plaintiffs expect Defendant will cause Poydras to refuse to acknowledge this vote.

## V.   CAUSE OF ACTION

### A.   TORTIOUS INTERFERENCE WITH EXISTING CONTRACT

5.1   Plaintiffs incorporate the factual allegations made in paragraphs 2.1 through 4.10, above.

5.2   Plaintiffs have valid contracts with Poydras; namely the PAs and JOA. Defendant has actual knowledge of Plaintiffs' contracts with Poydras, and the extent of Plaintiffs' interests therein.   Defendant has willfully and maliciously interfered with Plaintiffs' PAs and JOA with Poydras.   Specifically, Defendant has unlawfully usurped control of Poydras and caused Poydras to breach its obligations under the PAs and JOA.   Through his unlawful operation of Poydras, Defendant has caused Poydras to, among other things, (a) fail to complete its obligations of repairs and recompletions of the subject wells and Main Pass 35 Platform; (b) fail to connect the subject wells to existing pipelines in order to market the gas production for the benefit of the joint account; (c) vent gas production to the atmosphere; (d) permit the filing of liens on the Contract Area that should have been covered by Plaintiffs' respective payments made to acquire their working interests; (e) demand double payment from Plaintiffs for such

{00086607.DOCX }

liens; (f) threaten to declare Plaintiffs in default and breach of the PAs, and to declare Plaintiffs have forfeited their interests in the subject wells and Main Pass 35 Platform for failure to make double payment for the Settoon lien; and (g) make improper charges against the joint account in the amount of $309,697.

5.3    Defendant's interference with Plaintiffs' PAs and JOA has proximately caused Plaintiffs damages equal to: (a) the $309,697 in improper charges to the joint account; (b) lost profits from gas production vented to the atmosphere; (c) lost profits from gas production for lack of a pipeline connection; (d) lost profits from oil and gas production for failure to complete the repairs and recompletions of the subject wells and Main Pass 35 Platform; and (e) additional actual damages for Plaintiffs' loss of the benefits of the PAs and JOA.

5.4    As a result of Defendant's willful and malicious interference with Plaintiffs' contracts, Plaintiffs' seek exemplary damages under TEX. CIV. PRAC. & REM. CODE §41.003.

5.5    Plaintiffs also seek prejudgment and postjudgment interest, and costs of court as permitted under the law.

**B.    DECLARATORY JUDGMENT**

5.6    Plaintiffs incorporate the factual allegations made in paragraphs 2.1 through 4.10, above.

5.7    Defendant is unlawfully claiming the authority to act on behalf of Poydras.   In doing so, Defendant is threatening to declare Plaintiffs to be in default under the PAs, to have breached the PAs, and to have forfeited their interest under the PAs as a result of Defendant's unlawful demand for payment of the Settoon lien referenced above.   Moreover, Plaintiffs' respective payments made under the PAs to acquire their working interests in the subject wells and Main Pass 35 Platform expressly cover work performed by Settoon made the subject of its lien.   As such, Defendant is improperly demanding Plaintiffs make double payment.

{00086607.DOCX }

5.8     A justiciable controversy exists as to whether Plaintiffs have already paid their share of the Settoon lien, and whether Defendant has the authority to act on behalf of Poydras, to hold Plaintiffs in breach of the PAs, and to enforce Defendant's claim of forfeiture against Plaintiffs.   Pursuant to TEX. CIV. PRAC. & REM. CODE §37.001, *et. seq.,* Plaintiffs request the Court enter the following declarations:

        (a)     Defendant lacks authority to act on behalf of Poydras;

        (b)     Plaintiffs' respective payments made under the PAs to acquire their working interests in the subject wells and Main Pass 35 Platform covers Plaintiffs' proportionate shares of the Settoon lien, and therefore, Defendant's demand for payment of such lien is improper;

        (c)     As a result of declarations (a) and/or (b), Plaintiffs are not in default or in breach of the PAs for their refusal to pay the Settoon lien.

5.9     Pursuant to TEX. CIV. PRAC. & REM. CODE §37.001, *et. seq.,* Plaintiffs seek their reasonable and necessary attorney's fees and court costs incurred in bringing this declaratory action.

## VI.   JURY DEMAND

6.1     Plaintiffs demand a trial by jury.   The requisite fee has been paid.

## VII.   REQUESTS FOR DISCLOSURE

7.1     Pursuant to Rule 194, request is made that Defendant disclose, within fifty (50) days of service of this request, the information or material described in Texas Rule of Civil Procedure 194.2 (a)-(l).   Defendant must serve a written response to these Requests for Disclosure on Plaintiffs within fifty (50) days after the service of this request.

{00086607.DOCX }

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that Defendant be cited in terms of law to appear and answer herein, that upon final trial and hearing hereof, that the Court enter the declaratory relief requested herein, that Plaintiffs recover of and from Defendant their actual damages sought herein, exemplary damages, interest and costs of court, and for such other further relief, both general and special, both in law and in equity, to which Plaintiffs may be justly entitled.

Respectfully Submitted,

WATT BECKWORTH
THOMPSON HENNEMAN & SULLIVAN, L.L.P.

By: _____
Ben Elmore
State Bar No. 24026821
1800 Pennzoil Place, South Tower
711 Louisiana Street
Houston, Texas 77002
Telephone: 713-650-8100
Facsimile: 713-650-8141

**ATTORNEYS FOR PLAINTIFFS**

{00086607.DOCX }

# FORM NO. 353-3 - CITATION
## THE STATE OF TEXAS

To:

DAVID FREEMAN
139 N THE ARD STREET
COVINGTON LA 70433

GREETINGS:

You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10 o'clock a.m. of the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you. Your answer should be addressed to the clerk of the 193rd District Court at 600 Commerce Street, Ste. 101, Dallas, Texas 75202.

Said Plaintiff being ROKY OPERATING LLC AND TEXAS ALLIED PETROLEUM INC

Filed in said Court 8th day of June, 2011 against

DAVID FREEMAN

For Suit, said suit being numbered DC-11-07143, the nature of which demand is as follows: Suit on OTHER (CIVIL) etc. as shown on said petition REQ FOR DISCLOSURE, a copy of which accompanies this citation. If this citation is not served, it shall be returned unexecuted.

WITNESS: GARY FITZSIMMONS, Clerk of the District Courts of Dallas, County Texas.
Given under my name and the Seal of said Court at office,this 9th day of June, 2011.

ATTEST: GARY FITZSIMMONS, Clerk of the District Courts of Dallas, County, Texas

By: _____ , Deputy
SACHEEN ANTHONY

---

CERT MAIL

## CITATION

## DC-11-07143

ROKY OPERATING LLC ET AL.
vs.
DAVID FREEMAN

ISSUED THIS
9th day of June, 2011

GARY FITZSIMMONS
Clerk District Courts,
Dallas County, Texas

By: SACHEEN ANTHONY, Deputy

Attorney for Plaintiff
Benjamin Elmore
Perdue & Kidd Llp
Four Oaks Place
1330 Post Oak Blvd Suite 1800
Houston Tx 77056-3010
713-520-2500

GARY FITZSIMMONS
DISTRICT CLERK GEORGE ALLEN SR COURT
103
600 COMMERCE ST
DALLAS, TX 75202-4689



7196 9007 2680 0105 5530

**Return Receipt (Electronic)**

DC117143 SA

DAVID FREEMAN
139 N THEARD ST
COVINGTON, LA 70433-2831

CUT / FOLD HERE

6"X9" ENVELOPE
CUT / FOLD HERE

CUT / FOLD HERE